You can go ahead and begin your argument. This is an unusual posture for your office. Again, good morning. I'd like to ask for five minutes for rebuttal, please. May it please the court. Your Honor, the defendant in this case was charged with possession of cannabis with intent to distribute after a police officer observed the defendant retrieve narcotics from an apartment vestibule and give those narcotics to an unidentified person. Subsequent search revealed more narcotics as well as two loaded handguns from the apartment vestibule. Any idea of the proximity of the weapons to the cannabis? Were they in the same bag? Your Honor, I believe the officer's testimony at the motion hearing was that one gun was located immediately next to the drugs and another gun was recovered by a separate police officer about 10 feet away on the stairs. The charges relating to the guns were brought 168 days later and those were dismissed by the trial court as violative of compulsory joiner as well as speedy trial provisions. What does compulsory joiner really mean? Compulsory joiner means that different offenses that occur in the same act must be charged together. But let's keep that apart from the speedy trial. So compulsory joiner means that those offenses must be tried together. Those that arise together are tried together. And the question becomes how soon thereafter do uncharged offenses have to be charged pursuant to this compulsory joiner provision? Well, if the separate offenses which are being charged later arise from the same act as the first charge, then they have to be brought within the speedy trial term. And what authority are you relying on that? Well, that's from the statute and then the Supreme Court case law. Well, the statute, does the statute say, does the statute, the compulsory joiner statute have any mention at all to 160 days? It doesn't. It doesn't specifically lay that out. And so where do you get that from? Well, as our brief points out, as the cases have developed through the years, I believe in the 70s were the first time that we were seeing defendants object to charges being brought after speedy trial would have run had they been brought initially. You know, here's the predicament that I see. You learn about this stuff as the cases come forward, and I did learn about double jeopardy. And double jeopardy cannot apply to uncharged offenses. Now, it seems to me that if double jeopardy, a federal and constitutional right, cannot apply to uncharged offenses, I find it a little difficult to understand why a speedy trial provision would apply to uncharged offenses. And if a defendant wants to protect himself by virtue of the 160-day term, he does so by demanding trial on the charged offense and going to trial on that charged offense as soon as possible. And once he does so, the compulsory joinder provision bars any later charged offenses that should have been charged with that charged offense. But that bar isn't triggered until there's a resolution of that charged offense. I would agree with that. But that's not what you said. You said that if offenses aren't charged that should have been charged within 160 days, then it applies if they're based out of the same act. And that presents another problem, because even the compulsory joinder provision says same conduct, and other places it says same act. And I'm not even sure. And then there are other references, same act, same conduct. Section A says conduct, and that's permissible joinder. Conduct was given a broad term by our legislature. And then Section B is required joinder. So that has to arise out of the same act. That's correct. But when compulsory joinder came around, it came around from that U.S. Supreme Court case. C.U.G. C.U.G. And that arose here. And, of course, in that case there were four murder victims. Correct. And, of course, those four murder victims were not killed by a single act. They had to have been killed by separate acts. Right. Because one act could not have killed four people. True? I would agree with that. The issue there was a fundamental fairness question. And that's how compulsory joinder jurisprudence has developed. So compulsory joinder was prompted by that case. That's right. Why do we have the same act at issue before us? It's really a fairness question. Not only the issue in C.U.G. was essentially venue shopping and repeat prosecutions of basically acts in the same transaction until the state got the sentence that they wanted for the defendant. The other issues were trial by ambush. And I think that's really where the speedy trial provisions came into play, where if the state added significantly higher class charges on the eve trial and then the defendant didn't have adequate time to prepare his defense, that's why our Supreme Court made it clear that they were going to link the speedy trial provision to compulsory joinder. The issue in this case, though, is so much easier than the cases that gave rise to that. The issue here, really all we have to talk about is what is meant by the same act. So when you say same act, are you referring to an act by the defendant? Yes. Acts by the defendant. So does that mean that the defendant had to have put the marijuana in that vestibule and had to have put that gun in the vestibule? Well, that's really a theory of prosecution for the possession offense. Well, what does act? When you say act in the context of this case, what act are you referring to? Referring to the possession of cannabis and the possession of guns. But possession in that sense is a legal term. It isn't a physical act by the defendant because he doesn't really actually possess it literally. He simply possesses it under the law. Well, how our Supreme Court has defined it as it's an element of the offense. So where the essential and underlying criminal act of both crimes is the same or …  That was Quigley. We also like Johnson where more than one offense arises from a series of closely related acts and where they require different elements of proof. Those aren't required to be joined. So here we have two very different offenses, neither of which is dependent upon the other. But, of course, the defendant argues that if you're looking at possession as being that act, he possesses both the cannabis and the handgun. Well, taking that argument to its logical conclusion, which there's no real basis in the law for saying that possession is an act and simultaneous possession is one act. Taking that to its conclusion, then possession of anything, we can possess things at our homes right now, we can possess things that aren't exactly on our person as you mentioned. But then we take the same act analysis out of consideration. If possession is an element of the offense, they always have to be charged together. So if the defendant was charged with possession of a stolen motor vehicle, which he was concealing in his garage but was down the street selling cannabis, we would have to charge those together if that's what we're going to accept their argument for today. That doesn't really make any sense. It's much easier here because the gun offense, you can't be charged with a gun offense for possessing cannabis and vice versa. So there are really two separate acts, even though there's that one overlapping element of possession. So you're saying that same act has to be interpreted in light of the elements of the charged offense, and your best case for that is? Well, the definition, our Supreme Court has said the elements of the offense are relevant for Johnson. And they said it in what case? Johnson, Your Honor. And a good way to analyze it is through Gooden as well, People v. Gooden in 2000, where there was a home invasion and there was a criminal sexual assault. And that charge was brought later, and the defendant said, no, that happened altogether. As I invaded the home, there was the criminal sexual assault. And the court said, no, because the fact that multiple offenses may arise from distinct but related acts in the course of a single incident is irrelevant. That's what we have here. We have multiple offenses from the single incident of the defendant selling narcotics, but he's got a gun and he's got drugs, and those are two very different statutes. What about, I thought Williams, the Illinois Appellate Court case, where it laid down the rule where new and additional charges arise from the same facts, not the same act, but the same facts, that those additional charges are subject to the speedy trial? Well, and then the Supreme Court later held that that doesn't apply when it's a compulsory joinder question. That was a different statute. All right. So that's very different. It started being applied. So Williams is limited to discretionary joinder or what? Where they arise from the same facts and the state had knowledge, that's right. And that was really a continuances-related case, again, not really a compulsory joinder case. So, again, it was going to. And the Supreme Court distinguished Williams in which case? That was, I want to say Mueller, because that was four years after. So I believe it was Mueller. Okay. All right. You can wrap up, and then you'll get time for a vote. Okay, Your Honor. Basically, just to conclude, the question here is what is meant by the same act? And the Quigley and Johnson definitions are very guiding, and those have been followed by our Supreme Court for nearly 40 years now. We need to look at the essential and underlying criminal act and the elements of defense. Here, they're very different. Guns aren't drugs and vice versa. Given that, we would ask that you reverse the trial court and remand for trial. I do have one final question. It's probably a question that was asked repeatedly and is brought up in a variety of cases. I'm not sure you'll have the answer, and I suspect not. But the reason for the delay was? The record's not clear. It is your office. That's correct. And your office. All right. It's not in the record. It's not in the record, and for purposes of the statute, no reason need be given. If two offenses do arise from the same act and the people have the best reasons in the world for bringing it after the speedy trial statute is told, we still can't bring it. So the reason's really irrelevant. All right. Thank you. Thank you. Good morning, Your Honors. Amanda Ingram from the State Appellate Defender's Office for Duane Hunter. Ms. Ingram, I think as a lot of people say, it's a recording device, not an enhancing device. So you'll need to speak up on your own. Okay. Why should the state be barred from adding charges after 160 days? Because the compulsory joinder statute bars them from doing so. Does the compulsory joinder statute make reference to 160 days? It doesn't make a reference to 160 days, but it clearly states that when multiple offenses arise out of the same act, that those offenses must be charged together. Well, it talks about prosecution, right? It must be same prosecution, something like that, right? Well, the compulsory joinder statute? Compulsory joinder. Must be brought in the same prosecution? They must be joined together. Must be prosecuted in a single prosecution. That's the language, right? Right. And so did the prosecution in this case end? It has not ended. Right. And so why would there be a violation of the compulsory joinder statute if new charges are added before that single prosecution comes to an end? Because the compulsory joinder statute and the Speedy Trial Act often work together. And as the state has already conceded, as they did at trial, if these charges were required to have been brought together, then they are barred from doing so after the Speedy Trial term has passed. All right. Let's say that's certainly true if the same act gave rise to both of these offenses. They say the same act didn't. You say it did. Is there a case that tells us who's right? Yes. There are several cases. Well, I've read several cases, and I'm asking the question because I'm not sure. Well, Your Honor, I would say that the Quigley line of cases from the Illinois Supreme Court. Well, what happened in Quigley? Did Quigley – well, here's the easier question. And really, maybe the question why it's still a question. Is there a case identical to this case? There are cases that are very similar to this case. For example, People v. Hyatt. In Hyatt, there was a single search of the same area that revealed pornographic videotapes that featured one minor, and they also discovered pornographic still photographs that featured different minors. Except Hyatt was also a former Jeopardy case. When the individual was found to have been placed in Jeopardy in another county, they couldn't go forward, even ask the new offenses, because those new offenses should have been charged in the other case. The court did look into compulsory joinder principles, however, when deciding the Hyatt case. Well, but don't forget, if the rule is that compulsory joinder really acts as a bar when the initial prosecution comes to an end, which makes sense, then Hyatt is simply an example of that because the former prosecution came to an end when the other case was disposed of, and he was placed in Jeopardy. So you can't add charges after that. But here, the former prosecution, or the only prosecution, or the first, the initial prosecution, has not come to an end. So why should new charges, well, let me ask you this question. Mistakes happen. Why shouldn't the state declare a mistake happened, something fell through the cracks, and we didn't file the additional charges, although we meant to, until 168 days later, or 212 days later, I forget what it is.  The rule isn't that harsh, Your Honor. This is an adversarial system, and both sides know the rules. The state knew about these guns in October 2008 when they were first announced. What's the benefit to society to have that rule that you're advocating? Well, going back to the Suu Kyi case that was... We know there were four different acts. Under this, the Suu Kyi case would be allowed to go forward today, which is exactly why this Court should be very wary of considering the simultaneous, continuous, uninterrupted, singular possession here as different acts. The situation that prompted the compulsory joinder statute in the first place could take place today because, as you noted, there was one murder, followed by another, followed by another, followed by another, followed by another. Under Goodin, under Mueller, under Davis, those are different acts, and they would not have been required to have been joined. What if, in this case, the defendant had placed the cannabis in the vestibule and one of his other two companions, there were three all total, right? There were. Decided, you know what, I'm going to put this gun here with the cannabis, just in case he needs it. But that person put that gun there without any knowledge on the part of the defendant. So why should that make any difference? Well, I guess in that case then there would be a question of whether the defendant could constructively possess something that he had no knowledge of. But, again, the facts haven't really been fleshed out that far. And isn't that a reason to allow the facts to be fleshed out during the course of a trial as opposed to ending the charges? No, Your Honor. Like I said. Just because they weren't initiated within 160 days. And as I indicated, you know, double jeopardy, double jeopardy doesn't apply to uncharged offenses, and yet you want it to apply. You want the speedy trial protection, and that's statutory, not constitutional, to apply to uncharged offenses. I see a conflict there. There is no conflict because the statute clearly delineates. Why would the legislature? Let me put it another way. Why would the legislature want to give greater protection to individuals facing uncharged offenses than the Constitution gives to these very same individuals? Well, it's not really even that much of a greater protection. As I said, the state has known about the existence of the guns all along. They could have charged it, and they didn't. They knew the rules. They didn't play by them. Maybe it was just a mistake, but it doesn't mean that they get to bring charges whenever they want to, whatever charges they want whenever they want. The statute is already construed very narrowly. Same acts as in Quigley and Hyatt and Baker and others are generally simultaneous. They occur at the same time. They're continuous. They're uninterrupted. That's the situation we have here. Different acts, by contrast, are independent, overt. They occur in a series. One criminal act followed by another. That is definitely not what we have here. So act under your analysis means a physical act, not a legal act. Well, it's the same act. Same physical act is a different standard. But what standard should we apply?  Obviously it's going to depend on whatever kind of facts each case presents. In this case, it's constructive possession. So do you think there's a need for maybe a different interpretation to what act means if it depends on the circumstances and nobody really knows what that means until the facts are fully fleshed out? Well, again, Your Honor, it just depends on does the factual situation present it, is it more like Gooden or Davis where there's a series of criminal acts that are independent and overt, or whether it's a simultaneous, continuous, single kind of act that results in multiple offenses. You know, I understand that concept of making comparisons because that's necessary when you're dealing with a standard that really defies definition, such as reasonable doubt. But when you're talking about statutory interpretation, you know, the whole goal of statutes is to place citizens on notice of what is required under the law. And it seems to me that that weighs in favor of giving clear, unambiguous, and definite definition to what it means regarding the same act. Well, Your Honor, the state is on notice, too. Again, there's no surprise here. Mr. Hunter exercised his rights. He demanded trial at the earliest time. And, of course, there's no dispute that had he gone to trial, they could not add these charges later on. Right. But to the extent that he doesn't go to trial, he leaves himself open. Why shouldn't we say he leaves himself open to having these new charges placed against him because he didn't go to trial in time? Because these offenses arose out of the same act. And when they arise out of the same act, compulsory joinder applies. And that's really the bottom line. And you think our legislature meant to say exactly that? I do think that. And I think when you go back and you look to the legislative intent behind this statute,  But Suu Kyi involved multiple prosecutions. One prosecution ends, then they're going to prosecute the second murder, third murder, fourth murder in sequence. And sequentially, those are multiple prosecutions. We don't even have one prosecution completed yet. Suu Kyi was much more severe, but that's what I'm trying to express to you, is that that situation, because of the way the case law has developed since then, that would be allowed to happen again. To make the statute any more narrow would completely depart from the legislature's intent in creating this statute in the first place. There's no need to indulge the state by trying to say that even though this happened at the same time, it was the same search, it was the same possession, the same search of the same area on the same day, even in that situation, if we're going to call that different acts, then there's nothing left of the compulsory joinder statute. And as for the elements, the state has mentioned that because there are different elements, they should be construed as different acts. But the statute doesn't say anything about different elements. The statute just says multiple offenses. So presumably the legislature envisioned that there would be occasions when multiple offenses with different elements I think it's a little unfair to point the finger and say the statute doesn't say anything about elements of defense, when the statute obviously doesn't say anything about 160 days. So we can't have it one way and yet. But the statute does say something about the same act. It says the same act very clearly. And we know elements of offense deal with acts, don't they? They do, but in the cases, and even in Johnson, Johnson didn't simply rely on the fact that there were different elements. But to quote Johnson, the rape has no necessary connection with the burglary, as is evident when we stop to consider that the burglary was complete before the defendants laid a hand on the victim. Even the Johnson case was using the same kind of language. So let's say, let's stop right here. Let's say the police had stopped one of the individuals that bought the marijuana from the defendant and charged the defendant with delivery of cannabis, and then discovered that the other cannabis was there in the vestibule along with a handgun. They charged him with delivery of a cannabis having nothing to do with the contraband that was in the vestibule. Could they have added those charges? The possession charges? Yeah, the possession charges to the delivery charge. Well, I suppose it would depend on what, you know, when. Aren't they different acts under your analysis? Yeah, they would be different acts. But the delivery would be that was his own act if he actually saw a person, you know, deliver, engage in a hand-to-hand transaction versus he's constructively possessing various items of contraband. The fact that he engaged in a single, continuous, uninterrupted. So let me ask you this. Under that analysis, under that hypothetical, he could be charged, convicted of delivery of cannabis, and then be charged separately and face a separate conviction for possession of the handgun and the marijuana in the vestibule. If the court found that they were different acts, then yes, they would. But aren't they different acts? The delivery and the possession? Yes, but that's not what we have here. I know we don't have that. We have one possession. That's all we have. We have one single possession. And one single possession should be construed as a single act and Joinder should have been, as the trial court found, was required. All right. Well, thank you very much. Thank you, Your Honors. Barry Bridgely, counsel. Your Honors, I'd like to address the case which the defendant says is analogous here, the case of People v. Hyatt, as well as the reasoning behind Hyatt from People v. Manning. Defense reliance on that whole line of cases, Manning, Hyatt, and Baker, is entirely misplaced. As this court pointed out in the case of People v. Duarte Bui, actually written by Justice McBride in 2008, Manning was superseded by the amendment to the Controlled Substances Act. That case dealt with a very narrow issue of whether we could charge multiple possessions of different narcotics separately. Hyatt and Baker mistakenly expanded on that, saying that implicit in there is the conclusion that simultaneous possessions can only be charged together as one. And that's not what Manning stood for and that's not what's recognized as the law anymore. This court isn't bound by that rule, which no longer exists. What's really important here, which was talked about during opposing counsel's argument, was the legislative intent. After Manning, what did the legislature do? They amended that act to allow for multiple charges to be brought for drugs. The same thing happened with the unlawful use of a weapon statute. Now that if a defendant has multiple guns, he can have multiple charges of unlawful use of a weapon. They chose the word act for mandatory joint or overconduct, and they expressly said because that was going to be more narrow. They gave the examples of where those situations might arise, and they said it would be required where several persons are affected by one act. And what they envisioned by that was, say, a person sets off a bomb and many victims are hurt. Now lighting the bomb was one act, so charging the injuries for the victim would have to come all together. This is very narrow. The legislature intended a very narrow reading. And opposing counsel is incorrect to say that asking us to read it narrowly would be inappropriate because that's exactly what the legislature intended. And Justice Garcia, you're hypothetical about delivery and possession of cannabis. If we weren't allowed to bring those possession charges after the delivery trial, that's basically rewarding the defendant for being a creative possessor of his narcotics, giving them to one person and then concealing them somewhere else so that he couldn't be charged if it wasn't discovered until later. That absolutely wasn't intended by our legislature. Just to be clear, I think if you charge them with delivery, you would be obligated to charge them with possession, too, because it all comes out from the same source, which is the marijuana in the vestibule, even though the delivery took place. Well, again, it comes back to taking their argument to its logical extension. If we're only looking at possession, simultaneous possession, that's not the same act. It may be the same transaction, but our Supreme Court has said, same act does not mean same transaction. They're very distinct. And just briefly to address, we're not asking to bring whatever charges whenever we want. We're just asking that this court read the statute narrowly the way the legislature intended it and the way that our Supreme Court has enforced it. All right. Well, thank you very much. The case will be taken under advisement. The court is in recess.